# Stokely *versus* Thompson.

Compound interest is not recoverable, unless there has been a settlement between the parties, or a judgment, whereby the aggregate amount of principal and interest due is turned into a new principal; or where there is a special agreement to do so, in such form as to be valid.

Interest is never a legal incident to the non-payment of interest.

Error to the Common Pleas of *Greene county*.

This was an action of covenant by Samuel Thompson against Samuel Stokely, on articles of agreement for the conveyance of a tract of land on payment of the purchase-money.

On the 20th March 1833, Samuel Stokely, by articles of agreement, sold to Samuel Thompson 200 acres of land in Wayne township, for the sum of $400, payable in instalments, with interest thereon; and covenanted, "upon full and complete payment of the said sum of money, together with interest, at the times mentioned," to make to Thompson a deed in fee simple for the land.

Thompson paid the full amount of the purchase-money and interest, but not at the times when it became due according to the terms of the agreement; and Stokely contended that he was not bound to convey until payment of interest on the arrears of interest due; and this was the only question in the cause.

The court below (Gilmore, P. J.) instructed the jury, that the defendant was not entitled to have interest calculated on the interest, from the times the several payments became due; to which the defendant excepted; and a verdict and judgment having been rendered in favour of the plaintiff for $2500, to be released on the execution of a deed, according to the terms of the agreement, the defendant sued out this writ, and here assigned the same for error.

[Stokely v. Thompson.]

*Downey & Rowe*, for the plaintiff in error, cited Dodge *v.* Perkins, 9 *Pick.* 368; People *v.* New York, 5 *Cow.* 331, 334; Buck *v.* Fisher, 4 *Wh.* 516; Miller *v.* Bank of Orleans, 5 *Id.* 503; Hamilton *v.* Le Grange, 2 *H. Bl.* 144; Greenleaf *v.* Kellogg, 2 *Mass.* 568; Wilcox *v.* Howland, 23 *Pick.* 167; Cooley *v.* Rose, 3 *Mass.* 221; Fries *v.* Watson, 5 *S. & R.* 220; Knettle *v.* Crouse, 6 *Watts* 123; Addams *v.* Heffernan, 9 *Watts* 530; Pawling *v.* Pawling, 4 *Yeates* 220; Bainbridge *v.* Wilcocks, 1 *Bald.* 536.

*Sayers*, for the defendant in error, cited Sparks *v.* Garrigues, 1 *Binn.* 165; 7 *Greenl.* 78; Connecticut *v.* Jackson, 1 *Johns. Ch.* 14; Benschotten *v.* Lawson, 6 *Id.* 313.

The opinion of the court was delivered by

THOMPSON, J.—The defendant purchased a tract of land from the plaintiff, and covenanted to pay for it in annual instalments with interest; "and upon the full and complete payment of the said sum of money, together with interest, at the times mentioned," the plaintiff bound himself to make to him a deed in fee simple therefor.

In this action to recover for a breach of covenant by the vendor for not making a deed to the vendee, the defendant, who is the plaintiff in error, set up as a defence that there was a balance of purchase-money due and unpaid, and that he was not obliged to make a deed until full and complete payment by the plaintiff below. To maintain this position, he claimed that as interest on the unpaid purchase-money was not paid annually, he was entitled to interest on the interest thus unpaid, or compound interest. By this process, his vendee would have still been in debt to him on the articles. But the court below overruled this view of the case; and for doing so this writ of error was sued out, and the case is here on this point alone.

Interest is a compensation for the detention or use of money; and it has its origin in the usages of trade, by contract, or by statute, and hence the laws and practice in regard to it are as diversified as the trade, habits of the people, or their peculiar laws may be. While it assimilates in certain matters, in various communities, it differs widely in others. In Massachusetts, it has been held in several cases, where interest was sued for and recovered, being payable annually, that interest might be recovered as if the suit had been on an instalment; and so in some of the other states of this Union. But it will not advance our present purpose to enter into a disquisition in regard to diversities in different communities on this subject.

Pawling's Executors *v.* Pawling's Administrators, 4 *Yeates* 220, where the subject is elaborately and learnedly discussed by Mr. Justice YEATES, was a case where an agreement was endorsed on

[Stokely *v.* Thompson.]

the bond, almost a year after its date, in which it was recited that "whereas from our local circumstances, or from some other cause, the said interest"—referring to the annual interest to be paid by the terms of the bond—" or some part thereof, may remain unpaid for a considerable time after due," and the obligor agreed to pay interest on the interest, if it remained unpaid at the expiration of three months after due: it was held, that interest on the unpaid interest was recoverable, and that the contract was not usurious. In a note to Selleck *v.* French, 1 *Conn. R.* 32, in 1 *Am. Lead. Cases* 633, it is said " an agreement to pay interest on interest is not usurious nor illegal;" 3 *New Hamp. Rep.* 40; " and the better opinion is that at law, such an agreement made either at or after the time of the original contract will be enforced:" citing cases of Pawling *v.* Pawling, 4 *Yeates* 220; Camp *v.* Bates, 11 *Conn. Rep.* 448; Gibbs *v.* Chisolm, 2 *Nott & McCord's Rep.* 38. But in Connecticut *v.* Jackson, 1 *Johns. Ch. Rep.* 14, Chancellor KENT says, "Interest upon interest, or compound interest, is never allowed, unless in special cases—as where there is a settlement of accounts between the parties, after interest has become due, or there has been an agreement for that purpose, *subsequent* to the original contract." Whether an agreement to pay interest on interest in order to be good, must be made subsequently to the original obligation or not, or what constitutes its precise consideration, we are not called on to determine. The cases are cited to show that interest on interest is never an incident (unless where there has been a settlement, judgment, or the like, which produces a new principal, aggregating the principal and interest which had fallen due), but only where there exists a special agreement to do so in such form as to be valid.

In the case in hand, there was no agreement to pay interest on interest; it is claimed as an incident of the non-payment of the annual interest, and that it should be calculated up to the end of each year, and then become principal upon which interest should be recovered the next year, and so, *toties quoties*, until paid. This is just the process of compounding interest and within the definition.

In Sparks *v.* Garrigues, 1 *Binn.* 165, it was decided, " that on a bond for the payment of interest annually, and of the principal at a distant day, the interest may be recovered before the principal is due; but that the plaintiff would not be entitled to charge interest on the annual interest on the bond." This seems to have settled all controversy on this point up to the present time, for I have not been able to find any subsequent case in this court until now. There was a decision to the same effect by the Common Pleas of Union county: 3 *Penn. L. J.* 400. The uninterrupted practice in Pennsylvania, it is believed, has been in accordance

[Stokely *v.* Thompson.]

with the case of Sparks *v.* Garrigues, and such is undoubtedly the law.

"Interest upon interest," says Chief Justice KENT, in the case cited *supra*, "promptly and incessantly accruing, would, as a general rule, be oppressive. Debt would accumulate with a rapidity beyond all ordinary calculations and endurance. Common business cannot sustain such overwhelming accumulations. It would tend also to inflame the avarice and harden the heart of the creditor. Some allowance must be made for the indolence of mankind, and the casualties and delays incident to the best regulated industry; and the law is reasonable and humane, which gives to the debtors' infirmity of want of precise punctuality, some relief in the same infirmity of the creditor. If the one does not pay this interest to the uttermost farthing at the very moment it falls due, the other will equally fail to demand it with punctuality. He can, however, demand it, and turn it into principal when he pleases, and we may safely leave this benefit to rest upon his own vigilance or his own indulgence."

Compound interest, as a compensation merely for the detention of money, has never been allowed in Pennsylvania. HUSTON, J., in English *v.* Harvey, 2 *R.* 309, in remarking on Say's Executors *v.* Barnes, 4 *S. & R.* 112, said, "no man during his lifetime can get compound interest from his debtor, and I am not sure that any man in this country can subject those who come after him to get it."

The Court of Common Pleas were right in refusing it in the case before them.

　　　　　　　　　　　　　The judgment is affirmed.