# Rutherford *versus* Boyer.

Where an original judgment is revived after the payment of usurious interest thereon, without allowing credit for such payment, the defendant in the judgment cannot avail himself of the defence of usury and ask to have deducted the amount so paid out of the proceeds arising from an execution upon the judgment. He should have applied to the court to open the revived judgment; standing unopened it was conclusive and he could not go behind it to show a defence.

May 22d 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1877, No. 9.

[Rutherford *v.* Boyer.]

Case stated, which substantially was as follows:—

" On the 27th of November 1871 Rudolph F. Kelker had two judgments entered against Theodore F. Boyer, together amounting to the sum of $3754.45.   Dr. W. W. Rutherford purchased them from Kelker; there was nothing usurious in said judgments as originally given, nor in the purchase of them by Rutherford.

" The moneys on said judgments and mortgage had been due for several years, and whilst Rutherford was the owner of them, to wit, on the 14th of December 1872, and when there were $4000 due thereon, defendant agreed to pay, and did pay to Rutherford $120, upon an agreement with Rutherford that he would withhold execution on said judgments and mortgage for the term of six months; and execution was withheld thereon accordingly for six months and upwards.

" Subsequently, to wit, on the 17th day of December 1872, said judgments were amicably revived by the parties, for the use of Rutherford, for the sum of $3991.56, with interest from 16th December 1872, and without any reference to or allowing any credit for the said $120.

" Rutherford died, and Eleanor R. Rutherford became his acting executrix; and the larger of said judgments remaining unpaid, a writ of venditioni exponas was issued on the 31st of July 1875, on which writ the money was made by the sheriff and paid over to said plaintiff, except the sum of $120 and interest thereon, amounting at that time, 23d August 1875, to $139.40, which was by said sheriff paid into court, upon an order of the court for that purpose, procured by defendant on the allegation that the aforesaid transaction in relation to said $120 was usurious."

This action was to determine the right to the $120 and the $19.40 interest thereon.

The court, Pearson, P. J., entered judgment for the defendant, which was the error assigned by the plaintiff, who took this writ.

*Francis Jordan*, for plaintiff in error.—There were two distinct contracts between these parties, the one of record for $4000, and the other the subsequent parol contract for $120.   The latter was voluntarily paid, and no effort was made to recover it back within six months, or to obtain a credit therefor when the judgment was revived.   Where a contract for the principal is good, and a subsequent one for the interest usurious, the latter, though void, does not affect the former, the holder of the first being in the same situation as if the second had never been made: Kelly on Usury, Law Lib. vol. 75, pp. *83, 84; Phillips *v.* Cockayne, 3 Camp. 119; Gray *v.* Fowler, 1 H. Black. 462; Nichols *v.* Lee, 3 Anstr. 940; Barnes *v.* Hedley, 2 Taunt. 184.

[Rutherford *v.* Boyer.]

Money collected or paid upon lawful process of execution cannot be recovered back, though not justly or lawfully due by the defendant in the execution to the plaintiff: Federal Ins. Co. *v.* Robinson, 1 Norris 357.

If the defendant had any remedy, it was to apply to the court below to open the judgment: Hopkins *v.* West, 2 Norris 109.

*F. K. Boas*, for defendant in error, cited the Act of May 28th 1858, Purd. Dig. 803, pl. 1, Pamph. L. 622, and Heath *v.* Page, 13 P. F. Smith 108.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 11th 1877.

The learned judge below was undoubtedly right in holding that when there is a payment of usurious interest for the forbearance of a loan or debt, the right to retain and deduct such excess continues until the whole is paid. It is only when the whole amount and illegal interest has been voluntarily paid, that no suit to recover it back will lie after six months; and we agree also that in this case there was not a voluntary payment within the meaning of the Act of May 28th 1858, Pamph. L. 622. Nor do we think that the decision of this court in Federal Insurance Co. *v.* Robinson, 1 Norris 357, will avail the plaintiff in error. Here the debt, although collected on execution, was not paid to the plaintiff, but the excess above legal interest was paid into court and claimed by the defendant as a payment on account. Had the money been raised by an execution on the original judgment, the defendant would have been entitled to it. But it seems to have been overlooked in the court below that the original judgment was revived after the payment of the usury for debt and interest, without allowing credit for such payment. It is clear that, in order to avail himself of this defence, the defendant should have applied to the court to open that judgment. Standing unopened, it was conclusive, and the defendant could not go behind it to show that there was any defence to it in whole or in part: Hopkins *v.* West, 2 Norris 343.

Judgment reversed, and judgment for the plaintiff for $139.40 and costs on the case stated.