# Walter *versus* Breisch.

Where a debtor has paid usurious interest upon a judgment, and confessed a judgment of revival, the court will nevertheless open the judgment and allow him a credit for said usurious interest upon the principal.

March 20th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.

Appeal from the Court of Common Pleas of *Schuylkill county :* Of January Term 1878, No. 110.

Appeal of A. K. Walter from the decree of the court making absolute a rule to show cause why a judgment held by said Walter against Jacob Breisch should not be opened, and the latter let into a defence on the ground of usury.

It appeared that in 1871, Walter loaned Breisch $2300, to secure the payment of which the latter gave him his judgment note, upon which judgment was entered on January 4th 1871. On November 3d 1875, Breisch entered into an amicable action to revive said judgment and continue the lien thereof for five years, and confessed judgment therein for $2100, on which judgment of revival was entered for that amount. In June 1876, Breisch

[Walter *v.* Breisch.]

obtained a rule to show cause why this judgment should not be opened and he be let into a defence; and in support of the rule, deposed that he had paid interest on $2300, the amount originally borrowed, from the date of the loan until March 1875, at the rate of 3 per cent. per month. It appeared that he had also paid $300 of the principal. Nothing was paid after the judgment to revive. The court, Pershing, P. J., made the rule absolute, when the plaintiff took this appeal, under the provision of the Act of April 4th 1877, Pamph. L. 53, giving the right of appeal in cases of this kind in like manner as equity cases are appealed.

*A. P. Spinney,* for appellant.—The Act of Assembly of May 28th 1858, provides, "that the borrower or debtor shall not be *required* to pay the creditor the excess over the legal rate, and it shall be lawful for such borrower or debtor *at his option* to retain such excess from the amount of any such debt." There must be a time when the debtor or borrower must exercise such option, and that time manifestly is before judgment, when the excessive interest has been previously paid. If he suffers judgment he has spent his option, has chosen to pay the excessive interest, and is concluded. If the borrower allows the usurious interest to become · merged in a judgment, it is then too late to take advantage of the defence of usury : 3 Parsons on Contracts 119, 6th ed. ; Thatcher *v.* Gammon, 12 Mass. 268 ; Thompson *v.* Berry, 3 Johns. Ch. 395 ; 17 Id. 436.

*D. C. Henning,* for appellee.—Can this excessive interest be credited upon the principal. That it can has been often decided : Lucas *v.* Government National Bank, 28 P. F. Smith 228 ; Overholt *v.* National Bank, 1 Norris 490 ; Brown *v.* Second National Bank, 22 P. F. Smith 209 ; Hartman *v.* Danner, 24 Id. 36 ; Youngman *v.* Walter, 23 Id. 134 ; Chamberlain *v.* McClurg, 8 W. & S. 31 ; Act May 8th 1858. The defendant having some time prior to his application, entered into an amicable revival of the judgment, no relief can be afforded him, other than by opening the judgment : Hopkins *v.* West, 2 Norris 109. although he has over-paid the judgment ; and the court will open the judgment to let him into such a defence : Martland *v.* McGonigle, 1 T. & H. Pr. 658.

The judgment of the Supreme Court was entered, April 1st 1878,
Per Curiam.—There was sufficient evidence to show excessive usury intervening between the entry of the original judgment and its revival by amicable agreement. If the amicable revival were conclusive upon the defendant confessing the judgment, usury would seldom be reached. And creditors, aware of such law, would always make it a condition of giving time, that a judgment or war-

[Walter *v.* Breisch.]

rant of attorney to confess it, or to waive it, would be given. This corrective power of the court must be exercised to prevent the ruin of unfortunate debtors who are in merciless hands. This case is an apt illustration of the benign effect of the law against wrong. The defendant in this case for several years paid interest at the rate of thirty-six per cent. per annum, the usury amounting to a larger sum than the original debt.

> Order affirmed, and the appeal dismissed at the cost of the appellant.