# Warren's Appeal.

It matters not what is the form of the contract, or of the device to conceal the fact that the lender gave less money than the borrower agreed to pay, for, in an action to enforce a usurious contract, the defendant will be permitted to prove the amount of usury and thereby and to that extent defeat the claim.

(Decided February 15, 1886.)

Appeal from a decree of the Common Pleas, No. 2, of Philadelphia County discharging a rule to open judgments. Reversed.

In July, 1880, Mrs. Henrietta Warren, the appellant, was the owner of a large number of houses, in the city of Philadelphia, against which were a large number of encumbrances. Mrs. Warren was endeavoring to raise money by the sale of some eight properties and by mortgage of others, but the amount she would receive was not sufficient by $1,250 to enable her to complete her negotiation.

NOTE.—See note to Anderson's Appeal, *ante*, 45, and Mellon v. Painter, *post*, —.

As to acts constituting usury, see the following editorial notes presenting in full the authorities on their respective subjects: By agreement for interest after maturity, note to Ward v. Cornett, 49 L. R. A. 550: by taking interest in advance, note to Bank of Newport v. Cook, 29 L. R. A. 761: by contract for life insurance, note to Union Cent. L. Ins. Co. v. Hilliard, 53 L. R. A. 462: in deferred payments of purchase money, note to First Nat. Bank v. Mann, 27 L. R. A. 565: effect on original agreement of usury for renewal contract, note to Frederick Town Sav. Inst. v. Michael, 33 L. R. A. 628. ·

She requested Mr. Neuber to release the lien of three judgments held by him. He refused to do so and insisted upon the payment to him of his debt, interest, and costs.

Mrs. Warren then, personally and through her attorney, Wm. Hopple, Jr., applied to Wm. B. Lane, Esq., to find a person who would advance her the sum needed, $1,250, and who would take an assignment of the three judgments by A. Q. Neuber.

The amount due Mr. Neuber for debt and interest upon his three judgment notes, without including the attorney's collection fees mentioned in them, was $1,670.63. Mr. Lane was informed that Mr. Neuber demanded the whole of this sum, but that the amount required by her to carry her negotiations through with other parties was $1,250, and that Mrs. Warren was able to pay to Mr. Neuber the difference between the $1,250 and $1,670.63, and the costs and collection fees. She also consented to having the three judgments assigned for their face value to anyone who would be willing to advance her the amount she needed, release certain properties from the lien of these judgments, and give her a stay of execution for one year upon two of the judgments. After some negotiation Mr. Lane notified Mrs. Warren that he had a party who would take the judgments upon the terms mentioned, but demanded that Mrs. Warren should execute declarations of no set-off as to the judgments. These conditions were agreed to by Mrs. Warren.

Mr. Lane wrote the declarations of no set-off, and requested Mrs. Warren to sign them, which she did.

Prior to the assignment of these judgments to Mr. Kuhlemeier, damages had been assessed upon them in the following amounts: Upon No. 1, $550, including 10 per cent collection fees; upon No. 2, $550, including 10 per cent collection fees, and upon No. 3, $436.63, including 20 per cent collection fees, and fi. fas. had been issued upon them under which Mrs. Warren's property other than that mentioned in the releases had been levied upon.

November 20, 1882, Mrs. Warren, through her agent, Thomas G. Gayley, offered to pay Mr. Kuhlemeier the sum of $300 with interest at 12 per cent from July 28, 1882, in satisfaction of No. 3. He had the money with him. Mr. Kuhlemeier declined to accept it, and claimed that the whole amount was due him on this judgment, to wit, $436.63, with interest from May 27.

The next day he issued execution for the whole amount, and

Mrs. Warren obtained from the court a rule nisi to open the judgment and let her in to make a partial defense, upon the ground that $50 of the principal, $350; together with the interest thereon to July 28, 1882, $62.18 had been paid by her to Mr. Neuber, and that the 20 per cent collection fee was excessive.

Mr. Kuhlemeier then proceeded upon the other two judgments, and similar rules were granted upon them.

The depositions which were being taken under the first rule were, by agreement, considered as being taken under the other two rules. The three rules were argued and discharged February 19, 1883, without any written opinion.

The judgment No. 1 having been revived by amicable action and confession, Mrs. Warren was concluded by the decision of the court in discharging the rule, and the judgment was paid by Mrs. Warren. From the action of the court in the other two cases, Mrs. Warren appealed.

*Walter J. Budd* for appellant.

*William B. Lane,* for appellee.—It is well settled that the purchase of notes or other securities at a discount is not usurious. Musgrove v. Gibbs, 1 Dall. 216, 217, 1 L. ed. 107; Wycoff v. Longhead, 2 Dall. 92, 1 L. ed. 303; Gaul v. Willis, 26 Pa. 259; Moore v. Baird, 30 Pa. 138; Junction R. Co. v. Bank of Ashland, 12 Wall. 226, 20 L. ed. 385.

An agreement depending chiefly on the extinguishment of a lien on the lands or goods of the debtor will not be within the statutes against usury, unless made to evade them. Marsh v. Robeno, 5 Phila. 190.

Where a defense is set up in the face of a declaration of no set-off, the plaintiff is certainly entitled to clear and positive evidence of the facts, and should not be required to guess at the defense. Cutbush v. Gilbert, 4 Serg. & R. 551; Townsend v. Kerns, 2 Watts, 180.

On an application to open a judgment, it is proper for the court to weigh the evidence and decide according to the preponderance thereof, and the supreme court will not reverse for the exercise of a sound discretion. Wernet's Appeal, 91 Pa. 319.

The exercise of jurisdiction to open judgments entered on warrants of attorney has always been held to be within the sound discretion of the court. The act of April 4, 1877, which provides for an appeal to the supreme court, has not changed the law in that respect. Earley's Appeal, 90 Pa. 321; Hickernell's Appeal, 90 Pa. 328.

OPINION BY MR. JUSTICE TRUNKEY:

The counsel agree upon the question of law involved. If Kuhlemeier merely purchased the judgments at a discount, the defendant is bound to pay the full sum of the principal and interest. If he loaned the money to Mrs. Warren, the payment thereof to be secured by assignment of the judgments and certificates of no defense or set-off, the transaction was usurious and he is entitled to recover no more than he actually loaned, with interest from the date of the loan. It matters not what is the form of the contract or of the device to conceal the fact that the lender gave less money than the borrower agreed to pay, for in any action to enforce a usurious contract, the defendant, if he can, may prove the amount of usury and, thereby, to that extent, defeat the claim.

On July 28, 1882, Kuhlemeier paid $800 to Neuber and received an assignment of two judgments against Mrs. Warren, one for $500 and one for $350, with the interest accrued from October 18, 1878. Some of Mrs. Warren's creditors were pressing for payment, and she urgently requested Kuhlemeier to pay said sum and take the judgments. And as further inducement she delivered to him certificates of no defense or set-off. Neuber did not sell the judgments at a discount. He received from Mrs. Warren the difference between the $800 and the amount of the judgments, $225.68, before executing the assignments, and Kuhlemeier knew of such payment at the time. These alleged facts a jury would be warranted in finding from the testimony. Other facts and circumstances are narrated by the witnesses. At present it is well to forbear comment, as we are of opinion that the judgments should be opened, to the end that a jury may determine whether Kuhlemeier bought them from Neuber, or loaned the money to Mrs. Warren.

The order discharging the rule is reversed, and now judgment opened and defendant let into a defense, appellee to pay costs of appeal. Record remitted for further proceeding.