John M. Kennedy, Jr., v. William H. Quigg and James McLinden, Appellants.

*Mortgage—Usury—Right of mortgagor to defend when he has sold property with an agreement so to do.*

The act of assembly expressly gives a borrower the right to defend against a claim for interest in excess of the legal rate, and courts will not permit a creditor to defeat this right through a confusion of legal principles.

A mortgagor sold the premises subject to a mortgage covering usurious interest, covenanting with his vendee to defend against the mortgage to the extent of the usury. *Held,* that the filing by the mortgagee of a written release of the mortgagor of all personal liability and restricting the lien of the judgment and execution to the real estate bound by the mortgage will not defeat the mortgagor's right to defend nor operate in evasion of the statute.

*Mortgage—Attorney's commission—Demand—Usury.*

A demand before the issuance of a scire facias sur mortgage is not necessary in order to recover attorney's commissions.

The fact that a portion of the mortgage covers usurious interest does not defeat the right to recover attorney's commissions on the amount actually due. It is not unlawful to contract for or to receive more than six per cent.

Argued Oct. 13, 1897. Appeal, No. 99, Oct. T., 1897, by defendants, from judgment of C. P. No. 1, Phila. Co., June T.,

1896, No. 1347, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Sci. fa. sur mortgage. Motion for judgment non obstante veredicto.

Motion for judgment non obstante veredicto was made on the following point reserved:

" The court instructs the jury to find a verdict for the plaintiff for $2,231.10, subject to the point reserved, whether or not, in view of the releases filed of record, a defense can be interposed to the $600 bonus · included in said verdict, the defendants having sold the properties covered by the mortgage to one John Meighan, agreeing to defend against the plaintiff's claim to the extent of said usury. If the court shall be of opinion that the sale of the property and the releases filed debars the mortgagor and terre-tenant from setting up that defense, the verdict to stand; otherwise, the verdict to be reduced to $1,200, with interest from April 4, 1894; the Court also to decide whether or not, in that event, plaintiff is entitled to a commission of five per cent on that sum, demand for the whole principal having been made, but no tender of any kind having been made to plaintiff, and to add said amount of five per cent, if legally entitled thereto."

Verdict and judgment for $2,231.10. Defendants appealed.

*Error assigned* was in dismissing defendant's motion for judgment on the reserved point non obstante veredicto, reciting same.

*Alex. Simpson, Jr.*, for appellants: It is admitted that under the act of May 28, 1858, the defense of usury is personal to the borrower and he only can defend on that ground: Reap v. Battle, 155 Pa. 265; Trust Co. v. Roseberry, 81 Pa. 309.

But the facts of this case meet all the requirements laid down in these cases for the borrower sets up the defense; the consideration of the purchase was the agreement to defend; the borrower is living up to his agreement.

While the borrower remains liable on his bond or has a pecuniary interest to conserve by setting up the defense, he unquestionably can do so: Parker v. Sulouff, 94 Pa. 527; Huchenstein v. Love, 98 Pa. 518; Price's Appeal, 84 Pa. 141.

The collection fee is not chargeable in this case : Titusville Bank's Appeal, 96 Pa. 460 ; Lindley v. Ross, 137 Pa. 629 ; Wilson v. Ott, 173 Pa. 253.

*William C. Ferguson*, for appellee.—A terre-tenant who purchases land incumbered with a mortgage has no standing in court to defend the suit on the ground of usury : Stayton v. Riddle, 114 Pa. 464.

If the mortgagor's right to defend is limited to the one object of protecting himself in his liability on his bond, then it logically follows that if that liability be removed the right to defend ends : Reap v. Battle, 155 Pa. 265.

The fact of a vague promise to defend, which promise is kept, does not entitle the mortgagor to defend, the property having been sold : Broomell v. Anderson, 8 Atl. Rep. 764.

There can be no doubt as to the plaintiff's right to recover the attorney's commission. He is guilty of no wrongdoing : Lindley v. Ross, 137 Pa. 629 ; Iron Co. v. Morton, 348 Pa. 72.

OPINION BY SMITH, J., November 19, 1897 :

A scire facias was issued on a mortgage which admittedly included the sum of $600, as a bonus. The defendants had conveyed the mortgaged property to John Meighan, and agreed to defend against the plaintiff's claim to the extent of the usury ; but whether the conveyance was before or after the institution of this suit does not appear. The defendants filed an affidavit setting up the defense of usury, and upon this the issue was joined. On the trial the plaintiff filed a written release of the defendants from all personal liability for the debt, and restricted the lien of the judgment to be recovered, and all executions thereon, to the real estate bound by the mortgage. The court thereupon directed a verdict for the plaintiff for $2,231.10, subject to a point reserved "whether or not in view of the releases filed of record, a defense can be interposed to the $600 bonus included in the verdict, the defendants having sold the properties covered by the mortgage to one John Meighan, agreeing to defend against the plaintiff's claim to the extent of the usury. If the court shall be of opinion that the sale of the property and the releases filed debar the mortgagors and the terre-tenant from setting up that defense, the verdict to stand, otherwise the verdict to be reduced to $1,200 with interest from April 4, 1894. The court also to decide whether or not in that event plaintiff

is entitled to a commission of five per cent on that sum, demand
for the whole principal having been made but no tender of any
kind having been made to the plaintiff, and to add said amount
of five per cent, if legally entitled thereto." A motion by
defendants that judgment be entered for the plaintiff non
obstante veredicto for the sum of $1,200, with interest from
April 4, 1894, only, on the reserved point, was dismissed, and
judgment was entered on the verdict.

Evidently the releases were filed for the purpose of preclud-
ing the defense of usury, and to evade the provisions of the act
of May 28, 1858. It has been held in many cases that where a
debtor has been wholly released from liability for the debt in
suit, without fraud or mistake, and has no interest in the action,
and will neither gain nor lose by the judgment, he cannot inter-
pose a defense of usury, which is purely personal to himself, to
the prejudice of third parties; nor can the latter do so to the
prejudice of either. But the facts of this case exclude it from
the doctrine of those decisions. This action is between the orig-
inal parties to the mortgage, and they alone can be heard. The
terre-tenant has not been joined, and could not be heard as the
record stands. It is clear from the reserved question that the
terre-tenant may hold the defendants to their contract notwith-
standing the releases filed, and that if the judgment is allowed
to stand they must reimburse him " to the extent of the usury."
If the plaintiff may resort to the land for the usurious interest,
the terre-tenant in turn may have recourse to the defendants
for indemnity. Practically, the interest of the defendants in
the question at issue has not been lessened or affected, and
unless they are permitted to make defense here, their rights
under the act of 1858 will be swept away, while their liability
to the terre-tenant will remain.

There is no principle of law that warrants, much less demands,
this result. The defendants had a lawful right to sell the land
and also preserve their right to defend against the usury in-
cluded in the mortgage in the manner agreed upon. Their
course involves neither fraud nor deceit. Had it been a judicial
sale the situation of the parties would be substantially the same;
yet it will hardly be contended that by such event a debtor
loses his right of defense. The act of assembly expressly gives
a borrower the right to defend against a claim for interest in
excess of the legal rate; or, if paid, to recover it back by action

within six months from the date of payment. Courts will not permit a creditor to defeat this right through a confusion of legal principles, in the manner attempted here. None of the cases cited on behalf of the appellee sustain his contention; they are all in harmony with the views here expressed. This feature of the case needs no further discussion.

The claim to attorney's commissions under the provisions of the mortgage requires but brief notice. According to the reserved question, a demand for the whole principal was made, but there was no tender of any sum. If a demand were necessary we are unwilling to admit that the one made in this case was insufficient because it included the usury covered by the mortgage. It is not unlawful to contract for or to receive more than six per cent. The right to do so is impliedly authorized by the act of 1858. There is then no reason why it should not be embraced in the demand. Until otherwise informed, the creditor has a right to assume that the debtor will fulfill his agreement. So far as this record shows, the first notice of the defendants' election not to pay the bonus was about two weeks after the proceedings were begun; and no tender of the sum lawfully due or of a judgment therefor, was ever made.

But this question has been settled by higher authority. In Warwick Iron Co. v. Morton, 148 Pa. 72, it was expressly held that a demand before the issuance of a scire facias sur mortgage is not necessary in order to recover attorney's commissions : and this decision was followed and the same ruling made in the later case of Walter v. Dickson, 175 Pa. 204. The case of Wilson v. Ott, 173 Pa. 253, upon which the appellant relies, is not inconsistent with those referred to; it holds that as the allowance of attorney's commissions is "within the control of the court in the exercise of its equity powers," the refusal to allow them was not error, "in view of the nature of the contest and the special circumstances of the case."

The judgment of the court of common pleas is reversed, and judgment is now entered in favor of the plaintiff for the sum of fifteen hundred sixteen dollars and eighty cents.

| Principal | $1,200.00 |
|---|---|
| Commissions | 60.00 |
| Interest to date | 256.80 |
| | $1,516.80 |