## Scott, Appellant, *v.* Kennedy (No. 2).

*Partnership—Loan of money to partnership—Interest and profits— Usury.*

Where a person lends money to a partnership, and takes from the firm a due bill payable on demand together with a portion of the profits of the business in lieu of interest, and also a judgment note for the amount of the loan payable one day after date with interest, and the judgment note is subsequently entered up, the judgment will be opened in order that an issue may be framed to determine whether the agreement was intended as a device to evade the usury laws.

Argued Jan. 18, 1901. Reargued Jan. 6, 1902. Appeal, No. 188, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 281, for defendants on case stated in suit of John H. Scott v. John D. Kennedy and Charles D. Kennedy and Kennedy & Brothers. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ., on reargument. Reversed.

Rule to open judgment and case stated.

From the case stated it appeared that on February 1, 1894, plaintiff loaned defendants $3,500 upon the following agreement :

"Borrowed and received of John H. Scott three thousand five hundred dollars payable on demand without defalcation value received together and in lieu of interest thereon with a proportion of the profits of our business equal to forty-three and 75/100 dollars per month.

"JOHN D. KENNEDY.   [Seal]

"CHAS. D. KENNEDY.   [Seal]

"PHILA., February 1st, 1884."

And at the same time a judgment note as follows :

"$3500.                     PHILA., February 1, 1884.

"One day after date, We promise to pay to the order of John H. Scott, Three thousand five hundred Dollars without defalcation, value received, with interest.

"And further, We do hereby authorize and empower any Attorney of any Court of Record of Pennsylvania, or elsewhere, to appear for and enter judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution and with five per cent. added for collecting fees ; and we also waive the right of inquisition of any real estate that may be levied upon to collect  the note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the fi. fa. our said voluntary condemnation, and we further agree that the said estate may be sold on a fi. fa. and we hereby waive and release all relief from any and all appraisement, stay or exemption laws of any state, now in force, or hereafter to be passed.

"JOHN D. KENNEDY.   [Seal]

"CHAS. D. KENNEDY.   [Seal]"

Judgment was entered on the note.  It was admitted that the payments made were sufficient in amount to extinguish the debt if usurious.

Judgment was entered for the defendants on the case stated.

*Error assigned* was in entering judgment for defendant.

*John G. Johnson*, with him *Henry J. Scott*, for appellant.

*Alex. Simpson, Jr.*, with him *Wm. F. Johnson*, for appellee.

OPINION BY MR. JUSTICE FELL, February 24, 1902:

The appellant on February 1, 1884, loaned the appellees $3,500, and took from them a due bill payable on demand, together with a portion of the profits of their business equal to $43.75 per month in lieu of interest. At the same time he took their judgment note payable one day after date with interest. The facts differ from those before us on the appeal No. 189, January term, 1900, in which the opinion of the court has been filed, in this respect: in that case the note did not bear interest, and the agreement recited that the note was taken in payment of a debt, and that in lieu of interest on it a certain proportion of profits was to be paid; in this case interest is provided for in both the agreement and the note. If the intention was to require the payment of interest on the sum loaned, and in addition thereto a share of the profits, the agreement is not within the protection of the act of 1870: Wessels v. Weiss, 166 Pa. 490. It is agreed in the case stated that, " If the court shall be of opinion that there are inferences of fact which a jury would be justified in drawing, said rule is to be made absolute and an issue framed to determine how much if anything is due by defendants to plaintiff." The intention is not clear and must be determined by a consideration of the writings with such help as is furnished by the admitted facts and such other facts as it may be competent to show. The judgment is therefore reversed, and the record is remitted in order that an issue may be framed.