## Moll, to use, *v.* Lafferty, Appellant.

Argued December 4, 1930.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Edward C. Dougherty,* for appellant.—If the promises to allow the credits had been made in writing, they would unquestionably now be binding.  The ques-

tion now before the court is whether such representations are enforceable when made orally and fraudulently: Hartzell v. Reiss, 1 Binney 289; Monroe v. Monroe, 93 Pa. 520; Smith v. Coray, 196 Pa. 602; Cochran v. Eldridge, 49 Pa. 365; Gandy v. Weckerly, 220 Pa. 285; Miller Bros. v. Keenan, 94 Pa. Superior Ct. 79.

Appellee's claim for compound interest prior to the maturity of the bond should not have been allowed because the bond provides that no interest shall be due until "the time of payment of the principal": Fries v. Watson, 5 S. & R. 220.

*Albert W. Sanson,* for appellee.—It is well settled that, in a proceeding of sci. fa. to revive a judgment, the only defenses available to a judgment are a denial of the judgment or a payment, and those defenses which may have originally existed to the judgment cannot be interposed to prevent its revival: Dowling v. McGregor, 91 Pa. 410; Campbell's App., 118 Pa. 128; Taylor v. Tudor, 83 Pa. Superior Ct. 459; Rutherford v. Boyer, 84 Pa. 347; Lauer v. Ketner, 162 Pa. 265; O'Connor v. Flick, 274 Pa. 521; Shelinski v. Obrekes, 97 Pa. Superior Ct. 340.

OPINION BY MR. JUSTICE WALLING, January 5, 1931:
This was a scire facias sur judgment wherein the lower court correctly entered judgment for want of a sufficient affidavit of defense. To secure a loan, Charles J. Lafferty, the defendant, in October, 1916, gave the legal plaintiff, Reuben B. Moll, a judgment bond and mortgage in the penal sum of $28,800, to secure the payment of $14,400, payable at the expiration of thirty days after the death of the survivor of Charles H. Lafferty and Rose E. Lafferty, "together with interest thereon, payable at the time of the payment of the principal at the rate of six per cent per annum." Judgment by confession was entered on this

bond December 14, 1916. On December 7, 1921, the judgement was amicably revived by stipulation filed and the prothonotary, in assessing the damages, as directed by plaintiff's attorney, added interest since October, 1916, making a new principal of $20,446.20, to which was added an attorney's fee of $613.38, making a total of $21,059.58, upon which interest was thereafter computed. In 1924 the judgment was revived by scire facias, upon which judgment was taken by default and, as directed by plaintiff's attorney, the damages were assessed at amount of judgment..$21,059.58

Interest from January 18, 1924, to March
  18, 1924 ............................... 200.07

  _____

  $21,259.65

The record does not disclose just why the interest was added for that short time only.

On January 29, 1929, the judgment, having been assigned to the use of plaintiff, Edward M. Moll, was again amicably revived by stipulation filed, which stated the debt as $21,259.65, with interest from March 14, 1924. The judgment was liquidated accordingly.

Judgment ...........................$21,259.65

Interest from March 14, 1924, to January
  29, 1929 ............................. 6,218.45

  _____

  $27,478.10

On Febraury 7, 1930, a scire facias to again revive the judgment was issued, to which the defendant filed the affidavit of defense held insufficient, as above stated.

Charles H. Lafferty survived Rose E. Lafferty and died in February, 1930, by which the debt and interest thereon matured in March, 1930. The affidavit of defense set up, inter alia, that the original loan was, in fact, made by the use plaintiff, Edward M. Moll, who received $1,500 as commission for securing it, and for that reason took the papers in the name of his brother,

Reuben; that, following the date of the loan, the affiant was or became owner of certain real estate which he placed in charge of the use-plaintiff from which the latter received large amounts that should be credited on the judgment debt. Pending this proceeding, the defendant, Charles J. Lafferty, filed a bill in equity against said Edward M. Moll for an accounting, to which an answer was filed and upon a full hearing it was found that plaintiff therein was entitled to no credit on account of the matters complained of and the bill was dismissed at his cost. The matters thus adjudicated against Lafferty cannot be interposed as a defense to the revival of this judgment. Furthermore, all the matters thus sought to be set up as a defense here occurred prior to the amicable revival of the judgment in 1921, and long before the revivals in 1924 and 1929. The defendant has not asked to have either of those judgments opened and, hence, cannot interpose as a defense here matters that occurred prior to their respective dates. Therefore, if there was merit in the defendant's contention in the instant case, which the trial of the equity suit determined there was not, it cannot avail him under this record.

Another branch of the case, however, requires serious consideration. According to the express terms of the bond the interest at six per cent per annum matured at the same time as the principal, to wit, in March, 1930. Prior thereto, neither principal nor interest was due; so, while the judgment might be revived from time to time to continue the lien upon real estate, the unmatured interest could not be included so as to become a part of the principal and bear interest; for it is only where interest is due, as when payable annually, that it may become a part of the principal debt on revival of the judgment: Stokely v. Thompson, 34 Pa. 210; Nettleton v. Caryl, 14 Pa. Superior Ct. 443. "Interest upon interest or compound interest is never allowed unless in special cases; as

where there is a settlement of accounts between the parties after interest has become due": State of Connecticut v. Jackson, 1 Johns. Chancery 13. On each revival in the case in hand the assessment or liquidation should have stated, "Interest from October 16, 1916, on $14,400." As computed, the terms of the bond were overlooked and, by enlarging the principal, gave plaintiff an excessive rate of interest, which the law will not sanction. In place of the $14,400 loan, plaintiff since 1921 has been charging interest on $21,059.58, and, since the later revivals, on larger sums. This cannot be done even by the defendant's acquiescence; as, when paid, the excess may be recovered back by suit brought within six months. See Thompson v. Prettyman, 231 Pa. 1; Campbell v. Sloan, 62 Pa. 481. The statute against usury forms a part of the public policy of the state and cannot be evaded by any circumvention or waived by the debtor: Thompson v. Prettyman, supra; Reap v. Battle, 155 Pa. 265; Bosler v. Rheem, 72 Pa. 54; Chamberlain v. McClurg, 8 W. & S. 31; Warren's App., 1 Sadler 487; Kennedy v. Quigg, 6 Pa. Superior Ct. 53. The judgments of 1921, 1924 and 1929, however, standing unopened, are conclusive on the present scire facias, as, while they so remain, the only available defense is payment since rendition; as this was not averred, and, as no application was made to open them, the judgment was properly entered: O'Connor v. Flick, 274 Pa. 521; Trader v. Lawrence, 182 Pa. 233; Campbell's App., 118 Pa. 128; Dowling v. McGregor, 91 Pa. 410; Cardesa v. Humes, 5 S. & R. 65; Shelinski v. Obrekes et ux., 97 Pa. Superior Ct. 340; Curry v. Morrison, 40 Pa. Superior Ct. 301. The defendant, in connection with his affidavit of defense, should have moved to open the prior judgments, at least, to the extent that they contained usurious interest. We will not deprive him of an opportunity to still seek this relief. A judgment will be opened to permit the defendant to interpose

the defense of usury: Scott v. Kennedy (No. 2), 201 Pa. 470; Marr v. Marr, 110 Pa. 60; Earnest v. Hoskins, 100 Pa. 551; Walter v. Breisch, 86 Pa. 457; Rutherford v. Boyer, 84 Pa. 347. The statute relating thereto would be of little value if it could be evaded by the confession or renewal of a judgment.

The judgment is affirmed, without prejudice to the defendant's right to ask that the judgments be opened to the extent that they or any of them contain usurious interest.