## Bank Loans

UMSTED, Deputy Attorney General, May 8, 1946— You have requested us to interpret subsection (4) of section 1001 of the Banking Code of May 15, 1933, P. L. 624, as amended by the Act of April 6, 1945, P. L. 155, as it pertains to a transaction wherein a bank has loaned a sum in excess of $3,500, payable in substan-

tially equal instalments over a period not exceeding three years and has charged and collected in advance six dollars per one hundred dollars per annum upon the original face amount of the instrument evidencing the loan, for the entire period of the loan.

Subsection (4) of section 1001 of the Banking Code of May 15, 1933, P. L. 624, 7 PS §§819-1001, as amended by the Act of April 6, 1945, P. L. 155, relating to the powers of banks and bank and trust companies, reads as follows:

"To lend money either upon the security of real or personal property, or otherwise; to charge or to receive in advance interest therefor; to contract for a charge for a secured or unsecured installment loan, which in principal amount shall not exceed thirty-five hundred dollars, and which under its terms shall be repayable in substantially equal installments over a period not exceeding three years, which charge shall be at a rate not exceeding six dollars per one hundred dollars per annum upon the original face amount of the instrument or instruments evidencing the loan for the entire period of the loan, and which such charge may be collected in advance: Provided, That if the entire unpaid balance outstanding on the loan is paid by cash-renewal, or otherwise at any time prior to maturity, the bank, or bank and trust company, shall give a refund or credit of the unearned portion of such charge, calculated at the original contract rate of charge on the total amount of installments to become due for the term of all subsequent full installment periods. No additional amount shall be charged or contracted for, directly or indirectly, on or in connection with any such installment loan, except the following: (a) Delinquency charges not to exceed five cents for each dollar of each installment more than fifteen days in arrears: Provided, That the total of delinquency charges on any such installment loan shall not exceed

fifteen dollars, and only one delinquency charge shall be made on any one installment; (*b*) Premiums paid by the bank, or bank and trust company, for insurance required or obtained as security for or by reason of such installment loan; (*c*) Such amounts as are necessary to reimburse the bank, or bank and trust company, for fees paid to a public officer for filing, recording, or releasing any instrument or lien; and the actual expenditures including reasonable attorneys' fees for legal process or proceedings, to secure or collect any such installment loan. Any advertising concerning such installment loans which contains a statement of an amount, or rate of charge, shall also contain the percentage rate, either per month, or per year, computed on declining balances of the face amount of the loan instrument to which such charge would be equivalent if the loan were repaid according to contract: Provided, That this requirement may be complied with by stating the equivalent percentage rate which would earn the charge for such a loan repayable in twelve equal consecutive monthly installments, and such stated rate may be closely approximate, rather than exact, if the statement so indicates: And provided further, That this requirement shall not apply to an advertisement in which an amount, or rate of charge, is indicated only by a table which contains and is confined to examples of the face amount of the loan instrument, the proceeds to the borrower exclusive of the charge, and the amount, number and intervals of the required payments";

From time to time the legislature has in specific instances authorized certain classes of lenders to charge more than what is generally known as the legal rate of interest, and has thus made exceptions to the general rule of six percent as a maximum established by the Act of May 28, 1858, P. L. 622, 41 PS §3 et seq. The 1945 amendment to section 1001 of the Banking Code of 1933 is one such exception. While it must be liber-

ally construed to effect its object and to promote justice (Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558), its words, if free from ambiguity, are not to be disregarded under the pretext of pursuing its spirit (46 PS §551).

. The words of the statute according to their common and approved usage (46 PS §533) have a conjunctive meaning which is free from doubt. Interest of six percent a year on the face amount of reducing loans not over $3,500, payable in three years or less, may be collected by banks in advance. The only additional charges which may be made against the borrower are those specified in clauses (*a*) to (*c*) of the amended subsection (4) of section 1001 of the Banking Code.

The very inclusion of these clauses indicates a preciseness of draftmanship which must be attributed to the preceding portion of the subsection. And we must conclude if a charge of more than the normal six percent per annum on sums actually due the creditor bank is to be collected, that the loan may not at any time exceed $3,500, nor may any subterfuge be used to circumvent this provision. This simply means for instance, that extra interest, i. e., above the normal six percent, may not legally be collected from one person by the use of multiple notes each less than $3,500, if all exceed that sum, or by the expedient of calling instalment payments collateral to be applied to the debt at maturity.

Unless, then, the lender bank keeps itself within the limitations prescribed in subsection (4) of section 1001, it must keep the interest charge to the normal six percent allowed by the Act of May 28, 1858, P. L. 622, elsewise its contract will be usurious.

In Simpson v. Penn Discount Corporation et al., 335 Pa. 172, 175 (1939), Mr. Justice Barnes appropriately spoke for the Supreme Court in this language:

"The statute against usury forms a part of the public policy of the state and cannot be evaded by any cir-

cumvention or waived by the debtor: Moll v. Lafferty, 302 Pa. 354, 349. It is immaterial in what form or pretence the usurious interest is covered in the contract: Earnest v. Hoskins, 100 Pa. 551, 559. As usury is generally accompanied by subterfuge and circumvention of one kind or another to present the color of legality, it is the duty of the court to examine the substance of the transaction as well as its form, and the right to relief will not be denied because parol proof of the usurious character of the transaction contradicts a written instrument. In Hartranft v. Uhlinger, 115 Pa. 270, it is said (p. 273) : 'It is, indeed, wholly immaterial under what form or. pretence usury is concealed, if it can by any means be discovered our courts will refuse to enforce its payment.' "

We are of the opinion and you are accordingly advised that under subsection (4) of section 1001 of the Banking Code of May 15, 1933, P. L. 624, as amended by the Act of April 6, 1945, P. L. 155, 7 PS §§819-1001, if a rate of six dollars per $100 per annum in advance upon the original face amount of an instrument or instruments evidencing an instalment loan, payable in substantially equal instalments over a period not exceeding three years is to be collected by a bank or bank and trust company, the face amount of that loan may not exceed $3,500 nor may multiple loans of this type be made by a bank or bank and trust company to any one person where the aggregate face amount of those loans will exceed $3,500. Specifically, where a single loan or a series of loans is made pursuant to subsection (4) of section 1001, as amended, the aggregate to a single borrower may at no time exceed $3,500 nor may any single loan extend beyond three years from the time of its inception.

The practice of collecting six dollars per $100 in advance on instalment loans, the face amount of which exceed $3,500, under the guise of holding instalment payments as collateral to be applied to the debt at

maturity, is a vicious and usurious one contrary to the provisions of the Act of May 28, 1858, P. L. 622, 41 PS §3 et seq., and should not be countenanced by the Department of Banking.