## SAMUEL CALDWELL v. CHARLES MILLER.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 28, 1889—Decided June 28, 1889.

An agreement between persons engaging in business that each is to share directly in the profits as such, constitutes them partners as to third persons, whatever their arrangement may be between themselves; and in

an action against them, as partners, to recover the price of goods sold after the date when the agreement was to expire, it is not error to instruct the jury that if they find the defendants continued to do business under the agreement, they were liable as copartners.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 275 January Term 1889, Sup. Ct.; court below, No. 320 May Term 1884, C. P.

On March 29, 1884, Samuel Caldwell filed an appeal from the judgment of a justice of the peace against him, in favor of Charles Miller. The action had been brought against George Keiffer and Samuel Caldwell, trading as Keiffer & Co., but Caldwell alone was served. In the Common Pleas the plaintiff declared against Caldwell alone. Issue.

At the trial on December 17, 1888, when the plaintiff offered proof that on July 18, 1882, he had sold and shipped leather to Keiffer & Co., to the amount of $205.21, the defendant's counsel objected, on the ground that the jury had been sworn against Samuel Caldwell alone, and, there being no service on George Keiffer and no offer on the part of the plaintiff to show that Caldwell formed the company, the offer was irrelevant and incompetent to charge Caldwell with any part of the bill.

The declaration was then amended, charging Keiffer & Co., and the offer was admitted and exceptions sealed to defendant.

George Keiffer, called by the plaintiff, as if on cross-examination, testified that the shipment of goods was received by Keiffer & Co. Being examined by the defendant's counsel, he testified that he composed the firm of Keiffer & Co., himself, and Samuel Caldwell had no interest in that firm.

Plaintiff then offered a sealed agreement dated January 1, 1880, between Samuel Caldwell and George Keiffer, the execution of which was admitted, to be followed by evidence to show that the relation created by the agreement continued and existed at the time the bill of goods in suit was sold and delivered.

The defendant's counsel objected: (1) The paper does not prove or show a partnership existing between Keiffer and Caldwell at any time; (2) It proves a contract of hiring which was to continue one year, and expired by limitation more than

one year before the creation of the debt in suit; (3) It would have no tendency to establish a partnership between Keiffer and Caldwell at the time of the contracting of the debt.

The offer was admitted under exception to the defendant, and the paper read to the jury as follows:

"Be it known to all to whom this may come that Samuel Caldwell, of the borough of Watsontown, and state of Pennsylvania, has now entered into the currying business and all its branches, and that it is hereby agreed and determined that the said Samuel Caldwell will continue in the said currying business for the term of one year from the date hereof, and that said Caldwell will employ George Keiffer, of Allegheny city, state aforesaid, as foreman and manager in said currying business with Caldwell's approval. In consideration of the said George Keiffer's whole service, skill, trade and good will as manager, he is to have after deducting all expenses, tools, labor, stock, merchandise, loss if by bad sales or debts and rents, the said Keiffer is to have one half of any profits. The profits to be ascertained by the books kept by Caldwell and by inventory of tools, fixtures and stock, quarter yearly on first of April, July, October and January, and that said Caldwell is to have One dollar and Fifty cents per day ($1.50) for his services and use of team, and is to furnish capital for the amount of Five thousand dollars to be used in the currying business. And at the expiration of the said term of 1 year, if Caldwell elects to quit, the amount [he] invested is to be [received] by Caldwell and only profits to be divided share and share alike."

Other testimony was introduced by the plaintiff as proposed in the offer.

The defendant introduced testimony from which it was claimed that he was not a partner in the firm under the foregoing agreement; and at all events the partnership, if there had been one, terminated on December 31, 1881, when he retired from the business and leased his shop, tools and fixtures in writing to Keiffer, who had alone continued in the business.

At the close of the case on the testimony, the court, ROCKE-FELLER, P. J., charged the jury, inter alia, as follows:

[We think, and so instruct you, that the terms of the articles of agreement between Samuel Caldwell and George Keif-

Opinion of the Court.

fer, that each was to share in the profits, made them partners, as to third persons, although they may not have been so as between themselves.] [2] That question being disposed of, the important question seems to be, and it is one entirely for the determination of the jury, whether these two men, George Keiffer and Samuel Caldwell, were doing business in the month of June or July, 1882, under the provisions of the terms of the articles of agreement between them.

 * * * * * * * *

The defendant requests the court to charge the jury:

1. That as the plaintiff's bill was contracted July 18, 1882, and the plaintiff not having shown that he knew of the agreement made between Samuel Caldwell and George Keiffer, there could be no partnership by implication of law as to the plaintiff, which would bind Samuel Caldwell.

Answer: If Geo. Keiffer and Samuel Caldwell were doing business under the agreement referred to, at the time the plaintiff's bill was contracted, I do not answer this point as requested. As I have said in the general charge, the agreement made between Samuel Caldwell and George Keiffer, constituted them partners as to third persons, and if there was no other agreement between them, and the jury find that they continued to do business under that agreement, to and at the time the plaintiff's bill was contracted, in the firm name of Keiffer & Co., then I am of opinion, and so charge you, that Samuel Caldwell would be liable.[1]

The jury returned a verdict in favor of the plaintiff for $271.90. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant Caldwell took this writ,'assigning as error:

1. The answer to defendant's point.[1]

2. The part of the charge included in [  ] [2]

*Mr. S. B. Boyer*, for the plaintiff in error.

*Mr. Lorenzo Everitt* and *Mr. C. R. Savidge*, for the defendant in error, were not heard.

PER CURIAM:

This record presents the single question whether the agree-

ment between Samuel Caldwell and George Keiffer, dated January 1, 1880, constituted them partners as to third persons. It was not contended that it created a partnership inter sese. As the agreement was in writing its construction was for the court. By the terms of the contract the profits were to be divided between them, "share and share alike." It would be an affectation of industry to review the cases upon this subject. That was done carefully and exhaustively by Justice SHARS-WOOD in Edwards v. Tracy, 62 Pa. 374, where it was held that "a participant in profits directly as such is, as to third persons, a partner, whatever may be the arrangement between the partners:" citing Gill v. Kuhn, 6 S. & R. 337 and Churchman v. Smith, 6 Wh. 148. We can see no useful end to be attained by the discussion of a principle of law that is thoroughly well settled.

Judgment affirmed.