## G. Wessels & Co., Appellants, *v.* E. Weiss & Co.

*Partnership—Agreement in writing—Act of April 6, 1870, P. L. 56.*

At common law an agreement to advance money to a business concern and to receive a share of the profits of the business makes the lender a partner in the business so far as concerns third persons.

Where a loan of money to an individual or a firm has been made upon an agreement to receive a share of the profit of the business of the borrower as compensation for the use of the money, the exemption from liability as a partner, under the act of April 6, 1870, P. L. 56, is on condition that the agreement shall be in writing, and that the share of profits shall be in lieu of interest; a deviation from the requirements of the statute has the effect of imposing a liability as a partner.

Where A. loans to B. money and there is an agreement in writing that A. shall receive a percentage of the profits of B.'s business and there is also an oral agreement that A. shall receive interest on the loan, there is not a sufficient compliance with the act of April 6, 1870. As the entire contract is not in writing, and the lender receives a share of profits not in lieu of interest but in addition thereto, A. becomes liable as a general partner in B.'s business.

Argued Jan. 28, 1895. Appeal, No. 10, Jan. T., 1895, by plaintiffs, from order of C. P. No. 3, Phila. Co., Dec. T., 1893, No. 151, discharging a rule for judgment for want of a sufficient affidavit of defence. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on promissory notes against E. Weiss and Chas. W. Schmidt, trading as E. Weiss & Co.

Plaintiff's statement, after setting forth the promissory notes, continued as follows : " Plaintiffs further say that said Schmidt was a partner of said Weiss, trading as E. Weiss & Co., at the time of the contracting of the debt for which said notes were given, and at the time said notes were given, by reason of an agreement between them, which is in part in the terms following, to wit:

"Agreement, made the twenty-second day of November, A. D. 1887, between Ernest Weiss, dyestuffs dealer, of the city of Philadelphia, and Chas. W. Schmidt, liquor dealer, of the same place.

"Whereas, the said Chas. W. Schmidt has advanced and loaned to Ernest Weiss the sum of $6,000, for which he, the said Chas. W. Schmidt, is to accept a mortgage which is drawn in favor of Weiss Bros., Germany, given by James C. Biddle upon the Dark Run Mill, in the Twenty-third ward of the city of Philadelphia, which is to be put upon record as soon as certain papers arrive from the said Weiss Bros., and to secure the said Chas. W. Schmidt until such times that the said mortgage is recorded and assigned to him, the said Ernest Weiss agrees to give a judgment note for the aforesaid loan, which note is not to be recorded except in case the said Ernest Weiss should fail in business.

"Further, the said Ernest Weiss agrees to give to the said Chas. W. Schmidt fifteen per cent of the net profits of the

business for the term of one year, after first deducting the sum of $3,000, being the yearly salary of the said Ernest Weiss.

" Also the said Chas. W. Schmidt agrees to accept at the end of one year from the date hereof, the said $6,000 for said mortgage, which is to be assigned to Ernest Weiss upon payment of the said net profits.

" Plaintiffs averred, that it was further agreed between said Weiss and said Schmidt, at the time of making the above mentioned contract, that the said Weiss should pay to said Schmidt interest on the above mentioned sum of $6,000, at the rate of six per cent per annum, in addition to fifteen per cent of the profits of the business in which said sum of money was invested.

" That said Schmidt paid to said Weiss said sum $6,000, under the aforesaid agreement, and that said agreement continued in force from the time of the making thereof until the failure of said E. Weiss & Co., about the 13th of January, 1891, and that the said mortgage was never assigned to said Schmidt, but that he continued to hold the said judgment note for the sum of $6,000 until the date last aforesaid, and still holds the same.

" That the said Schmidt in fact received interest on the said loan until a short time before said failure, and that he received from time to time certain sums as his share of the profits of said business under said contract until December 30, 1889."

Defendant in his affidavit of defence averred :

" That he never gave, nor authorized anyone to give or execute, the promissory notes dated November 8, 1890, for the sums $2,211.12 and $2,222.07, upon which above said suit is brought, nor did he give or authorize anyone to give for him, either in his own name or in the name of E. Weiss & Company, any note to said plaintiffs.

" That he was not at the time the notes were alleged to have been given, nor at the time the said debt was alleged to have been contracted, nor at any other time, a partner of the said Ernest Weiss.

" That it is true, as alleged in the statement, that there was an agreement between Ernest Weiss and deponent. That deponent was not or is not in any way a partner of said Weiss, and has no knowledge of the existence of any partner or member of the said E. Weiss & Co. other than the said Ernest Weiss.

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*Isaac S. Sharp*, of Sharp & Alleman, for appellants.—An affidavit of defence is to be construed most strictly against the affiant. No intendment can be made in favor of the defendant. It is his duty distinctly to set forth the facts on which the defence must turn: Comley v. Bryan, 5 Whart. 261; Rising v. Patterson, 5 Whart. 316; Laferty v. Sheriff, 16 Atlan. 90; City v. Brady, 127 Pa. 169; Bryar v. Harrison, 37 Pa. 233; Black v. Halstead, 39 Pa. 64; Woods v. Watkins, 40 Pa. 458; Blackburn v. Ormsby, 41 Pa. 97; Anspach v. Bast, 52 Pa. 356.

All the facts must be set out in order that the court may draw the proper conclusion: Stitt v. Garrett, 3 Whart. 281; Dewey v. Dupuy, 2 W. & S. 553; Marsh v. Marshall, 53 Pa. 396.

Assuming for the sake of the argument, that the partnership existed when the notes in suit were given, the denial that Schmidt had authorized their execution is only a denial of the authority of Weiss to sign notes for his firm: Potter v. Price, 3 Pitts. 136; McConeghy v. Kirk, 68 Pa. 200.

It was thoroughly well established in this state in 1869, if not before, that an agreement to participate in the profits of the business constitutes the participant a partner as to the third parties, regardless of the effect of the agreement as between the partners themselves, except, perhaps, in cases of employees or the like: Edwards v. Tracy, 62 Pa. St. 374; Purviance v. McClintee, 6 S. & R. 259; Gill v. Kuhn, 6 S. & R. 332; Miller v. Bartlet, 15 S. & R. 137; Churchman v. Smith, 6 Whart. 148; Dunham v. Rodgers, 1 Pa. 255.

The same rule has been recognized, and Edwards v. Tracy has been approved, since the act of April 6, 1870, in those cases where the act of assembly does not serve as a protection to the participant in profits: Caldwell v. Miller, 127 Pa. 442; Walker v. Tupper, 152 Pa. 1; Gibb's Est., 157 Pa. 59.

An agreement for a division of profits raises a presumption of partnership: Badele v. Bank, L. R. 38 Ch. Div. 238; Duryea v. Burt, 28 Cal. 569; Dubois v. Hoover, 25 Fla. 720,

Niehoff v. Dudley, 40 Ill. 406; Lockwood v. Doane, 107 Ill. 235; Corey v. Cadwell, 86 Mich. 570; Philips v. Samuel, 76 Mo. 657; Bank v. Altheimer, 91 Mo. 190; Robinson v. Allen, 85 Va. 721.

Two express conditions are stipulated in the act of 1870, which must be complied with to exempt the lender of money from liability as a partner; first, the loan must be for a share of the profits in lieu of interest; and, second, the agreement must be in writing: Caldwell v. Miller, 127 Pa. 442.

A contract is not in writing unless it is wholly in writing: Schafer v. Bank, 59 Pa. 144.

*Samuel Peltz*, for appellee.—An affidavit'of a defendant sued as a partner of a firm, that he is not a member of the firm and in no way indebted to the plaintiff, is sufficient: Orth v. Baker, 2 Leg. Rec. 326.

Under the decision of Hart v. Kelley, 83 Pa. 286, it would seem that even before the passage of the act of April 6, 1870, the tendency of both English and American decisions had been to take away from a party who was not an acknowledged partner but a mere participant in the net profits of the business, the liability of a general partner; and that was followed up step by step until the passage of the act of 1870, which has been construed by the court as definitely settling the question.

The mere fact of receiving fifteen per cent of the profits would not make him a partner unless he had been held out to the world as such: Meehan v. Valentine, 19 W. N. C. 206.

OPINION BY MR. JUSTICE FELL, March 4, 1895:

The agreement between the defendants made them partners at common law and in this state.   The case of Waugh v. Carver, 2 H. Blackstone, 235, decided in 1793, which followed Grace v. Smith, 2 Wm. Blackstone, 998, decided in 1775, was followed and adopted to its full extent in Purviance v. McClintee, 6 S. & R. 259, in 1820.   The well settled rule of Waugh v. Carver was overruled in England in 1860 by the case of Cox v. Hickman, 8 H. L. C. 268, but there has been no departure from it in this state except by legislation in 1870.   In the opinion in Edwards v. Tracy, 62 Pa. 374, decided in 1869, SHARSWOOD, J., pointed out the new English rule of Cox v. Hickman, but followed the

old one of Waugh v. Carver, saying: "It is entirely too late now to question either the rule or the exception. We are bound to stand super antiquas vias by our own decided cases." In the opinion in Lord v. Proctor, 7 Phila. 630, decided at nisi prius the same year, he said that the rule in Waugh v. Carver was too ancient a landmark in our law to be now disturbed, and that it had accordingly been followed in Edward v. Tracy. Since the act of 1870 there has been no change in judicial decision. The question whether the agreement between the defendants made them partners as to third parties did not arise in Hart v. Kelley, 83 Pa. 286. The agreement had been rescinded, and the claim in suit was for goods sold before it went into effect or after it had been abandoned. Caldwell v. Miller, 127 Pa. 442, reaffirms the rule, and both Walker v. Tucker, 152 Pa. 1, and Gibbs' Estate, 157 Pa. 59, came within the well recognized exceptions almost as ancient as the rule itself, which were made to avoid the injustice of its universal enforcement.

This rule has been so long established as a part of our jurisprudence that it is needless now to consider whether it is philosophical and in harmony with the principles governing the partnership relation. The departure from it in this state—and it was doubtless the wiser course—has been by legislation. The act of April 6, 1870, provides that a loan of money to an individual or a firm upon an agreement to receive a share of the profits of the business as compensation for the use of the money and in lieu of interest shall not make the party loaning the money liable as a partner except as to the money loaned, provided that the agreement for the loan shall be in writing and that the party shall not hold himself out as a general partner. This legislation distinctly recognized the rule as it had existed in this state for fifty years and in England from 1775 to 1860, and modified it to conform more nearly to the modern English rule of Cox v. Hickman, supra.

The affidavit of defence contains a denial of the partnership, but it admits or leaves unnoticed all the allegations of fact in the statement. It is a denial therefore of a conclusion of law only, and raises the single question whether under the facts as stated the defendant, Schmidt, is liable as a partner. As he would have been liable before the act of 1870 it remains only to determine whether he comes within its protection.

This cannot be unless he has complied with its provisions. The exemption from liability is on condition that the agreement shall be in writing and that the share of the profits shall be in lieu of interest. Only a part of the agreement in this case was in writing, the stipulation for interest on the loan being oral. The interest to be paid was six per cent, and the defendant was to receive in addition thereto fifteen per cent of the profits. The fifteen per cent was not to be paid in lieu of interest, but in addition to it. The six per cent was not to be received as a part of the profits in lieu of interest, but was payable as interest in any event, whether there were profits or not. This agreement is not in compliance with the requirements of the statute either in letter or spirit, and its effect is to impose a liability as a partner.

The judgment is reversed and the record is remitted with direction that judgment shall be entered for the plaintiff unless other just or equitable cause shall be shown.