Scott, Appellant, *v.* Kennedy (No. 1).

*Partnership—Loan—Share of profits in lieu of interest—Act of April 6, 1870, P. L. 56.*

Under the act of April 6, 1870, a contract in writing to lend money to a partnership and take a share in the profits in lieu of interest, is valid, and the fact that the share of the profits may be largely in excess of the legal rate of interest on the money loaned, will not render the contract usurious.

The Act of April 6, 1870, P. L. 56, should be strictly construed when a question of usury is involved, and no one should have the protection of the act who has not observed its requirements, and in entire good faith loaned money under its provisions.

Where a contract with a partnership is in writing, and stipulates for a share of the profits in lieu of interest on money loaned to the partnership under the contract, it is immaterial whether the sum to be paid is fixed in advance, or left to be determined by a fixed percentage. The fact that a judgment note not bearing interest is given to the lender to protect him in case of default of the borrowers, will not render the agreement invalid.

Argued Jan. 18, 1901. Reargued Jan. 6, 1902. Appeal, No. 189, Jan. T., 1900, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 282, making absolute a rule to open judgment in case of John H. Scott v. John D. Kennedy, Charles D. Kennedy and Kennedy & Brother. Before Mc-COLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ, on reargument. Reversed.

Rule to open judgment and case stated.

The case stated was as follows:

1. On May 21, 1888, plaintiff and defendants entered into the following agreement:

" This agreement, Made the Twenty-first day of May, A. D. 1888, between John D. Kennedy and Charles D. Kennedy trading as Kennedy & Bro. of the one part and John H. Scott of the other part.

" Witnesseth that whereas said Scott is now the owner of certain goods and chattels with the said Kennedy & Bro. contained in No. 200 South Eleventh Street and whose interest therein is fixed at the net value of Eighteen thousand Dollars ($18,000) and the said Kennedy and Bro. are desirous of purchasing the same and removing said goods and chattels to No. 125 North Eleventh Street in said City. Now it is hereby agreed that said Scott hereby sells the same to said Kennedy & Bro. for said sum of Eighteen thousand Dollars ($18,000) to be paid for in a judgment note payable one day after date but not to be entered of record or collectible except in case of default as hereinafter mentioned for Five (5) years from this date.

" And said Kennedy & Bro. agree to pay said Scott in lieu and place of interest on said note a proportion of the profits of said business equal to one hundred and fifty dollars ($150) per month payable on the Twenty-first (21st) day of each month, the first payment to be made on the Twenty-first (21st) day of June A. D. 1888. This agreement however in no sense to constitute said Scott a partner nor is he to be held out to the world as such in any manner.

" In case of default in the payment of any of the said monthly payments for Thirty days (30) after any monthly payment falls due the whole principal sum shall become due and recoverable in the usual manner prescribed by law.

" Witness our hands and seals the day and year aforesaid.

" JOHN D. KENNEDY.    [Seal]
" CHAS. D. KENNEDY.    [Seal]
" KENNEDY & BRO.      [Seal]
" JNO. H. SCOTT.      [Seal]

" Witnesses :
" HARRY CLARKE."

2.   At the same time defendants gave to plaintiff their judgment note, as in said agreement provided for, as follows:

" $18,000.                    PHILADA., May 21st, 1888.
" One day after date We promise to pay to the order of John

H. Scott Eighteen thousand Dollars, without defalcation, value received.

"And further we do hereby empower any attorney of any Court of Record within the United States, or elsewhere, to appear for us and confess judgment against us as of any term for the above sum with costs of suit and attorney's commission of one and a half of one per cent. for collection and release all errors and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to ; and the exemption of personal property from levy and sale on any execution hereon is also hereby expressly waived and no benefit of exemption to be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

"Witness our hands and seals.

"JOHN D. KENNEDY.    [Seal]
"CHAS. D. KENNEDY.   [Seal]
"KENNEDY BROS.       [Seal]

"HARRY CLARKE."

3. On December 21, 1897, the following judgment note was substituted for the one of May 21, 1888, above set forth : —

"$18,000.                    PHILADA., Decr. 21st, 1897.

"One day after date we promise to pay to John H. Scott, or order, Eighteen thousand Dollars, Value received, with interest ; And do hereby authorize any Attorney of this County, or any other County in this State, or elsewhere, to enter and confess Judgment for the above sum, with costs of suit and Attorney's commission of Five per cent. for collection, release of errors, and without stay of execution, and to waive the right and benefit of any law of this or any other State exempting real or personal, from sale, and if levy is made of land, do also waive the right of inquisition, and consent to the condemnation thereof, with full liberty to sell the same on Fi. Fa. with release of errors therein.

"JOHN D. KENNEDY.    [Seal]
"CHAS. D. KENNEDY.   [Seal]
"KENNEDY & BRO.      [Seal] "

Said note had no new or further consideration therefor.. It

was substituted for the old note at plaintiff's request. No change was intended to be worked in the relations of the parties, the sole purpose being to retain the transaction as it stood with only the change of date, so that plaintiff could more advantageously make use of the note. Subsequently the note of May 21, 1888, was returned to defendants cancelled, and is now in their possession.

4. The defendants aver and plaintiff denies that said contract is usurious, and that so much of each payment as is in excess of legal interest should be applied to the reduction of the principal. Of course, if it should be decided that the contract was usurious, such excess must be so applied.

5. On December 20, 1899, defendants filed a bill in equity against plaintiff, only for the purpose of showing the nature of their contention, and not for the purpose of establishing any fact therein set forth.

6. On December 21, 1899, after service of said bill in equity upon him, plaintiff entered up said judgment note in this suit and issued execution thereupon, whereupon defendants obtained a rule to open said judgment and set aside said execution, all proceedings to stay meanwhile, which said rule is still pending and undetermined, plaintiff, however, having filed an answer thereto.

7. At the time of the giving of the original note the value of said goods was the agreed sum of $18,000. The business is prosperous, the profits in each year being largely in excess of the $1,800 per annum paid to plaintiff.

If the court shall be of the opinion under the facts aforesaid that the contract is usurious, then as the payments so as aforesaid made are sufficient in amount to extinguish said debt, said rule is to be made absolute and judgment entered for defendants. If the court shall be of the opinion that the whole of said indebtedness is still due and owing by defendants to plaintiff, then said rule is to be discharged. If the court shall be of the opinion that only part of the said indebtedness is still due and owing by the defendants to plaintiff, then said rule is to be made absolute and judgment entered for plaintiff for such sum as shall thus be determined to be due. If the court shall be of the opinion that there are also inferences of fact which a jury would be justified in drawing, then said rule is to be made

absolute and an issue framed to determine how much, if any-
thing, is due by defendants to plaintiff.   Costs to follow the
judgment.   Both parties reserve the right of appeal.

The court held that the judgment was usurious and entered
judgment in favor of the defendants.

*Error assigned* was the order of the court.

*Henry J. Scott*, with him *John G. Johnson*, for appellant.—
The agreement was not usurious, inasmuch as it was in strict
conformity with the Act of April 6, 1870, P. L. 56; Irwin v.
Bidwell, 72 Pa. 249; Edwards v. Tracy, 62 Pa. 374; Hart v.
Kelley, 83 Pa. 290 ; Waverly Nat. Bank v. Hall, 150 Pa. 466 ;
Wessels v. Weiss, 166 Pa. 490 ; Poundstone v. Hamburger,
139 Pa. 324.

Apart from the act of 1870, the agreement was not usurious
because it stipulated for an uncertainty, viz : for a payment of
a proportion of profits in lieu of interest: Earl of Chesterfield
v. Janssen, 1 Atkyns, 301; Philip v. Kirkpatrick, 1 Addison,
124 ; Morse v. Wilson, 4 Durn. & East. 353 ; Truby v. Mos-
grove, 118 Pa. 93 ; Philadelphia & Reading R. R. Co. v. Stich-
ter, 11 W. N. C. 325 ; Spain v. Hamilton, 1 Wallace, 604 ;
Trask v. Hazazer, 4 N. Y. Sup. 638 ; Niebuhr v. Schreyer, 13
N. Y. Supp. 809 ; Orvis v. Curtiss, 157 N. Y. 657.

*Alex. Simpson, Jr.*, and *William F. Johnson*, for appellees.—
The agreement and note were usurious under the law as it ex-
isted prior to the Act of April 6, 1870, P. L. 56; Morse v.
Wilson, 4 Durn. & East. 353 ; Barnard v. Young, 17 Ves. Jr.
44; White v. Wright, 10 E. C. L. R. 273 ; Roberts v. Tre-
nayne, Cro. Jac. 507 ; Smith v. Nicholas, 8 Leigh, 351 ; Lloyd
v. Scott, 4 Peters, 226 ; Philip v. Kirkpatrick, Add. 125 ;
Scott v. Lloyd, 9 Pet. 451 ; Edwards v. Tracy, 62 Pa. 374 ;
Irwin v. Bidwell, 72 Pa. 244 ; Hart v. Kelley, 83 Pa. 286 ;
Walker v. Tupper, 152 Pa. 8 ; Morse v. Wilson, 4 Durn. &
East. 353.

The Act of April 6, 1870, P. L. 56, does not alter the case.
The act does not deal with the question of usury at all.

A loan to the business, and the "share" of the profits, which
is to be in lieu of interest, to be determined on a marshaling

of the assets of the business, at some time reasonably distant, when distribution is to be made: Poundstone v. Hamburger, 139 Pa. 324 ; Wessels v. Weiss, 166 Pa. 490.

To be within the letter of the act, the "share of the profits" is to be in "lieu of interest," while here we must pay the fixed sum, or principal and interest: Wessels v. Weiss, 166 Pa. 490.

The agreement, taken in its entirety in connection with the judgment note, clearly shows that profits were not the thing being considered at all, but a fixed sum.

The act of 1870 also contemplates a loan to be made for a reasonable time, so as to determine whether or not there are profits, and not a loan for a month, as here, or for a day or less, as appellant contended on the prior argument.

These agreements are not within the act, because they do not really provide for "a share of the profits," but for a definite sum, irrespective of profits : Cooper v. Tappan, 9 Wis. 333; McAllister's App., 59 Pa. 208 ; Holden v. Hardy, 169 U. S. 366 ; Willock v. Penna. R. R. Co., 166 Pa. 184.

Opinion by Mr. Justice Fell, February 24, 1902:

The question presented by this appeal is whether, under the facts agreed upon and embodied in a case stated, a contract to loan money to a partnership and take a share of the profits in lieu of interest is usurious.   In 1888, Scott, the appellant, sold to Kennedy & Bro., the appellees, his interest in certain goods for $18,000, and agreed in writing to accept in payment a judgment note payable one day after date, which, however, was not to be entered of record nor collected for five years, except in case of default in the payment monthly of a share of the profits of the business of the borrowers in lieu of interest.   The provision for the payment of a share of the profits was as follows : "And said Kennedy & Bro. agree to pay Scott in lieu and place of interest on said note a proportion of the profits of said business equal to one hundred and fifty dollars per month payable on the Twenty-first day of each month, the first payment to be made on the Twenty-first day of June, A. D. 1888. This agreement in no sense however to constitute said Scott a partner nor is he to be held out to the world as such in any manner.   In case of default in the payment of any of said monthly payments for thirty days after any monthly payment

falls due the whole principal sum shall become due and recoverable in the usual manner prescribed by law." A judgment note was given with the agreement bearing even date therewith, due one day after date, which contained the usual provisions for entering judgment and waiving the right to exemption and to stay of execution. In 1897, a new note was substituted for this one, but there was no intention to change in any manner the relation of the parties, the sole purpose being to retain the transaction as it stood with a change of date only, in order that the appellant could more effectively use the note if necessary for the protection of his interest secured by the agreement.

The act of April 6, 1870, which permits the receipt of a share of the profits of a partnership in lieu of interest without making the lender liable as a partner, is as follows : " From and after the passage of this act, it shall be lawful for any person or persons to loan money to any individual, firm, association or corporation doing business in the commonwealth, upon agreement to receive a share of the profits of such business as compensation for the use of the money so loaned, in lieu of interest; and such agreement, or the reception of profits under such agreement, shall not render the person or persons making such loans liable as a copartner in such business to other creditors of such individual, firm, association or corporation, except as to the money so loaned : Provided, that such agreement for loan shall be in writing ; and that this act shall not apply to any loan made by a member of any such firm, association or corporation, or to one who holds himself out as such, and shall not be construed to repeal or affect any portion of the law relating to special partnerships : Provided, however, that any person so loaning money under this act shall not hold himself out as a general partner, so as to induce credit to be given to any party or parties, association or corporation, to whom the said loan shall be made." The purpose of the act no doubt was to modify the rule established in England in 1793 by the decision in Waugh v. Carver, 2 H. Blackstone, 235, which had been uniformly followed in this state, that a participant in profits directly as such, no matter what may be the arrangement between the parties, is as to third persons a partner. But the act authorizes the receipt of a share of the profits in lieu of interest without limitation as to amount, and

a contract cannot be deemed usurious because the share of the profits stipulated for exceeds the legal interest on the sum loaned. We are not in this case embarrassed by questions which may arise between general creditors of the partnership and creditors under the act, the determination of which may require the marshaling of the assets of the business. There are no other creditors whose rights are to be considered, and it is agreed that the yearly profits have been largely in excess of the amount paid the appellant.

The act of 1870 protects a loan to a partnership on an agreement to receive a share of the profits of the business in lieu of interest, from the charge of usury. The only question then to be determined is whether the appellant in making the loan brought himself within the protection of the act. On questions of partnership the act has been strictly construed. In Poundstone v. Hamburger, 139 Pa. 324, it was held that it did not exempt from liability as a partner one who had loaned money and by agreement secured the same control of the business as if he were an actual partner, and that a lender is liable to the creditors of the business to the extent of the money loaned and afterwards withdrawn, and in Wessels v. Weiss, 166 Pa. 490, that an agreement partly in writing and partly oral, by which a lender was given a share of the profits in addition to interest, was not within the letter nor the spirit of the act. An equally strict construction should be given when the question is that of usury, and no one should have the protection of the act who has not observed its requirements and in entire good faith loaned money under its provisions. Otherwise the act will become a mere cover for usurious agreements.

The agreement was in strict conformity with the act. It was in writing and the stipulation was for a share of the profits in lieu of interest. Whether the sum to be paid was fixed in advance, or left to be determined by a fixed percentage is unimportant as long as it was a share of the profits only. The judgment note was a part of the agreement and not a separate instrument which added to or varied it. It is mentioned in the agreement as the means of payment, but not to be used to secure a lien or collect the debt except in case of default in complying with the terms of the agreement. It did not bear interest either by its terms or by implication after it became due, as the

agreement expressly provided that the profits were in lieu of interest on the note. Profits were not payable unless earned. If there had been no profits, no monthly payment could have been demanded, and as the principal could be collected only in default of the monthly payments, the appellees would have had the use of the money for five years for nothing. The principal was at the risk of the business as to creditors : Poundstone v. Hamburger, supra, and compensation for the money loaned depended wholly upon the success of the undertaking.

Unless then the agreement was a device to evade the statute against usury, it was valid. There is not a fact in the case stated that is even suggestive of such an attempt. When men do what the law expressly authorizes them to do, and in the manner provided by it, there is no possible ground for the inference of an unlawful intent.

The judgment entered on the case stated is reversed, and the rule to open the judgment entered in the common pleas is discharged.