## Duffy, Appellant, *v.* Gilmore.

*Interest—Usury—Partnership—Distribution of profits.*

An agreement between two partners, whose contributions to the capital of the firm are unequal, that in distributing the profits at the end of each year, one should pay to the other "ten per cent interest on the difference in their capital," is not usurious.

Argued Feb. 24, 1902. Appeal, No. 287, Jan. T., 1901, by plaintiff, from decree of C. P. Lackawanna Co., Sept. T., 1897, No. 2, on bill in equity in case of A. F. Duffy v. A. G. Gilmore. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ. Affirmed.

Bill in equity for an account.

The opinion of the Supreme Court states the case.

A decree was entered in favor of the plaintiff against the defendant for $4,945.91.

*Error assigned* was the decree of the court.

*I. H. Burns,* with him *M. E. McDonald* and *Frank T. Okell,* for appellant.— The agreement was usurious : Struthers v. Drexel, 122 U. S. 487 ; 7 Sup. Ct. Repr. 1293 ; Lloyd v. Scott, 4 Pet. (U. S.) 205.

*Charles H. Welles* and *James H. Torrey,* for appellee, were not heard, but cited in their printed brief : Truby v. Mosgrove, 118 Pa. 89.

Opinion by Mr. Justice Mitchell, May 5, 1902 :

Objection having been made by appellee that the appellant's

paper-book did not contain the whole of the evidence, all the assignments of error were withdrawn except the tenth, and in order to facilitate the hearing upon that, the following statement of facts from the appellee's paper-book was agreed to as the basis of the court's consideration of the case.

" The undisputed fact is that these two parties in forming their partnership agreement, there being a great disparity in the capital which each had contributed, agreed that in distributing the profits at the end of each year, Duffy should pay to Gilmore " ten per cent interest on the difference in their capital." This was actually done at the end of each year and the charges fairly entered on the books, which were equally open to examination by both partners, and of the result of which statements were given to Duffy each year.

The master found that this agreement was usurious, but the court sustained an exception and held otherwise. This ruling is the subject of the only assignment of error now before us.

The agreement was not within the usury laws. It was not for interest properly so-called, but for a share of profits. The money was not a loan from creditor to debtor, but a contribution to the partnership capital and was all the time at the risk of the business. The agreement was a mere method of division of profits to reach a satisfactory adjustment between partners having unequal interests in the firm. If it had stipulated that Gilmore should first have one tenth or any other fixed proportion of the profits and then the rest should be divided, the effect would be the same. As said in Scott v. Kennedy, 201 Pa. 462, " whether the sum to be paid was fixed in advance or left to be determined by a fixed percentage is unimportant as long as it was a share of the profits only."

Judgment affirmed.